# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNTAE TAYLOR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BHAVSAR, *et al.*,<br><br>　　　　Defendants. | Case No. 1:25-cv-01359-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Shauntae Taylor ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on October 14, 2025, together with a motion to proceed *in forma pauperis*. (ECF Nos. 1, 2.)

**II.    Plaintiff Has Accumulated Three "Strikes" Pursuant to 28 U.S.C. § 1916(g).**

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

1

physical injury."[1]

### III. Plaintiff fails to satisfy the Imminent Danger Exception.

The Court has reviewed Plaintiff's complaint and finds that the allegations do not satisfy the imminent danger exception to section 1915(g).[2] *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007).

### A. Summary of the Complaint[3]

Plaintiff is currently housed at California State Prison, Corcoran ("CSP Corcoran"), where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) C. Bhavsar, Doctor/Primary Care Provider, CSP Corcoran; (2) B. McKinney, Custody Grievance/ADA Coordinator, CSP Corcoran; (3) A. Vasquez, Health Care Grievance Coordinator, CSP Corcoran; (4) A. Ortiz, Health Care Grievance, CSP Corcoran; (5) R. Blancas, Correctional Sergeant, CSP Corcoran; (6) E. Sanchez, Correctional Sergeant, CSP Corcoran; (7) A. Cantu, Correctional Officer, CSP Corcoran; and (8) S. Hojilla, Chief Physician and Surgeon, CSP Corcoran.

Plaintiff claims that he suffers from a history of chronic back pain, dating back years, and was permanently issued a wheelchair on February 4, 2025, and a walking cane on April 9, 2024. (ECF No. 1 at 9.) In a Rules Violation Report dated July 27, 2025, Plaintiff was charged with battery on a peace officer. Plaintiff alleges that the Los Angeles State Prison officers falsified documents claiming that Plaintiff used his durable medical equipment/walking cane to strike the entering officer's shield, and later the same officers falsified documents claiming that Plaintiff committed the act of attempted murder on two officers. Following a disciplinary hearing, the charge was dropped to lesser charge of obstructing a peace officer. (*Id.* at 7-8.)

On July 28, 2025, Plaintiff was transferred to CSP Corcoran, where he is currently

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) *Taylor v. Virga*, Case No. 2:10-cv-02731-WBS-GGH (E.D. Cal.) (dismissed on May 26, 2011, for failure to state a claim; affirmed on appeal); (2) *Taylor v. Mimms*, Case No. 1:18-cv-01356-AWI-BAM (E.D. Cal.) (dismissed on December 13, 2019, for failure to state a claim); and (3) *Taylor v. Relevante*, Case No. 1:18-cv-00641-AWI-JDP (E.D. Cal.) (dismissed on May 1, 2020, for failure to state a claim).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

[3] Although Plaintiff references various documents throughout his complaint, those documents are not attached to the complaint or included as exhibits.

housed. (*Id.* at 8.) Upon his arrival, Plaintiff complained "day after day of serious pain to my documented back pain I've suffered for year(s) . . . as well as possible rib fractures amongst many other injuries." (*Id.* at 9.) Plaintiff went "man down" and was taken to the treatment triage area on numerous occasions due to falling down and not being able to stand. (*Id.*) A July 30, 2025 chrono reportedly documented that medical staff continuously cleared Plaintiff throughout the day. (*Id.* at 12.)

On July 30, 2025, Defendant Dr. Bhavsar, via telemed/video screen, discontinued all of Plaintiff's durable medical equipment ("DME"), his wheelchair, walking cane, and waist restraint chrono, even though Plaintiff was complaining of back spasms, possible fractured rib, and not being able to walk during back spasms. After the telemed doctor visit, Plaintiff spoke to 4A-Segregation Seargeant Cabrera. She expressed that correctional custody told Dr. Bhavsar to reevaluate Plaintiff because prison officers "lied saying I used my DMES to strike an officer." (*Id.* at 9-10.) In a Rules Violation Report dated July 28, 2025, Los Angeles State Prison officers allegedly falsified documents saying they found a 7 ½ inch knife hidden in the backrest of Plaintiff's wheelchair. Plaintiff contends that he had no idea that custody had use "the clearly seen lies to consult with doctors to have my medical equipment discontinued." (*Id.* at 10.) Plaintiff further contends that during the period from July 30, 2025, through September 2, 2025, correctional staff did not provide an alternate means of accommodating Plaintiff's needs.

Plaintiff alleges that on July 30, 2025, Correctional Lieutenant E. Hudson made a false document that following the incident where Plaintiff admits he did not resist staff, again charging Plaintiff with battery on staff. Plaintiff asserts that the reason for his agitation was Dr. Bhavsar discontinuing all his DMEs, so the correctional staff defendants kept putting Plaintiff in his cell saying, "You no longer have a wheelchair, the doctor took all your DMEs, etc." (ECF No. 1 at 11.) Plaintiff asserts he was forced to "crawl on [his] belly, roll, in agony and severe pain from [his] back spasms, injuries." (*Id.*) He was left crawling to his cell door.

On July 31, 2025, Plaintiff was charged with resisting staff. (ECF No. 1 at 15.) After the July 30, 2025 incident, Defendants R. Blancas and A. Cantu allegedly made false statements that Plaintiff refused to stand and relinquish his waist restraints. Plaintiff claims that the body worn

3

1  camera will show him screaming in pain, begging, pleading with staff to stop pulling the lanyard,
2  which is a big metal triangle attached to a very thick chain and lock connected an inmate's waist
3  restraints or handcuffs.  Plaintiff claims that he can be heard clearly on the officers' body worn
4  cameras telling them, "I can't move, I'm having back spasms, stop pulling, etc." (*Id.*)  About 4-5
5  officers in command of Defendants Blancas and Cantu can be seen pulling Plaintiff off the
6  ground and to the food tray port.  Plaintiff can be heard screaming, "Your [sic] pulling/hurting me
7  or my stomach." (*Id.*)  At that point, after 3 to 4 minutes of them pulling the lanyard restraints,
8  Plaintiff lost consciousness.  He was taken to the triage area, medically cleared, and released.
9  (*Id.*)  Although not entirely clear, Plaintiff appears to suggest this happened more than once.  (*Id.*
10  at 16.)  Each time before using force with the lanyard restraints, defendants made comments, "Get
11  Up Taylor, the doctor cleared you, they said you can walk, medical said you can walk Taylor, get
12  up." (*Id.*)

13      After the July 31, 2025 incidents, Plaintiff became very sick.  He noticed about August 1st
14  or 4th that he could not control his bowel movements.  On August 4th or 5th, Plaintiff woke up
15  and had no feeling in both his legs.  He would go "man down" 2-3 times per day and be picked up
16  in an emergency response vehicle.  While at the facility triage area, the RNs/Nurses would
17  contact various doctors explaining Plaintiff's issues of incontinence and loss of all feeling in his
18  legs.  Doctors would offer Plaintiff Tylenol and clear him to return to his cell.  (ECF No. 1 at 17.)

19      Plaintiff contends that he has been left paralyzed from the waist down by the violent
20  actions of correctional staff, and after being denied for roughly 30 days, was issued incontinent
21  adult diapers.  The physical therapist at the prison reportedly detailed that Plaintiff's "paralyzed
22  lower bottom/legs is connected to [his] incontinent issue due to the simular nerves connections in
23  the lower body." (ECF No. 1 at 13.)

24      On September 2, 2025, Dr. A Mehta issued Plaintiff temporary disability mobility
25  devices, a walker for in cell and wheelchair for out of cell, along with adult diapers.  Plaintiff
26  asserts that the temporary DME order is set to end on March 2, 2026.  Additionally, Dr. Mehta
27  ordered various treatments, which Plaintiff has been undergoing.  On September 17, 2025,
28  Plaintiff was taken to an offsite neurological surgeon, and he is now awaiting an updated MRI to

see if surgery is necessary, or any other treatment to treat paralysis.  (ECF No. 1 at 18-19.)

Plaintiff claims that he is in "true Imminent Danger of the possibility of future injury." (ECF No. 1 at 19.)  He alleges:

> The Defendants delays, refusals to give me treatment, issue the appropriate mobility accommodations has left me unsure if I'll ever walk again, unsure if I'll have personal control over my bowel movements, or truly unsure if the simular acts of officer misconduct will cause even more acts of deadly force upon me.  The defendants could have killed me on July 31, 2025 and use the excuse as before stating, "The doctor took your DMES, get up, medical said you can walk."

(*Id.*) (unedited text.)  He also alleges that to "see how violent and heartless the custody and medical defendants acted towards plaintiff leaves [him] in fear that it can easily happen again." (*Id.*)

### B.  Legal Standard

The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).

### C.  Discussion

Based on the allegations, the Court finds that Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed.  To the extent Plaintiff alleges imminent danger based on the denial of his DMEs or medical care, Plaintiff admits in his complaint that he has been issued temporary disability mobility devices, including a walker and wheelchair, and provided adult diapers, and that the temporary order is not set to end until March 2, 2026.  Plaintiff also is undergoing various treatments for his condition and is awaiting an MRI to see if surgery is necessary.  In short, Plaintiff was not being denied medical

1  care or DMEs at the time he filed his complaint in this action.

2  To the extent Plaintiff alleges imminent danger based on his uncertainty that officers will engage in additional uses of force premised on the doctor taking his DMEs, this speculation is not sufficient.  While the Court takes Plaintiff's well-pleaded allegations as true, the Court is not required to accept Plaintiff's supposition that he will be subjected to use of force by correctional officers if his DMEs are taken at some point in the future.  Plaintiff's conclusory allegation of possible future harm is insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g).  Plaintiff has not provided specific allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.

Based on the above, the Court finds that Plaintiff has not alleged any imminent danger of serious physical injury at the time of filing and has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g).  Plaintiff must pay the $405.00 filing fee if he wishes to litigate this action.

## IV.    Conclusion and Recommendation

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $405.00 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by CM/ECF document**

**and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __October 22, 2025__          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE