# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNTAE TAYLOR,<br><br>    Plaintiff,<br><br> v.<br><br>BHAVSAR, *et al.*,<br><br>    Defendants. | Case No. 1:25-cv-01359-JLT-BAM (PC)<br><br>ORDER CONSTRUING PLAINTIFF'S OBJECTIONS AS MOTION TO DISQUALIFY JUDGE<br>(ECF No. 9)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY JUDGE<br>(ECF No. 9) |

  Plaintiff Shauntae Taylor ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

  On October 22, 2025, the undersigned issued findings and recommendations that Plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the $405.00 filing fee in full to proceed with this action. (ECF No. 8.) Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.*) Plaintiff timely filed objections on November 7, 2025. (ECF No. 9.)

  Together with his objections, Plaintiff filed a request to disqualify judge pursuant to 28 U.S.C. § 144. (ECF No. 9, pp. 13–15.) Plaintiff argues that the Court should disqualify the undersigned because Plaintiff recently filed an appeal to the Ninth Circuit Court of Appeals in *Taylor v. Jimenez*, Ninth Circuit Case No. 25-5354. On appeal, Plaintiff argues that the

1

undersigned has engaged in ongoing bias, abuse of discretion, denial of Plaintiff's meritorious motions, and only granting the defendants' cross motions. Plaintiff argues that the finding that Plaintiff has 3 strikes and failed to meet the imminent danger exception shows hidden bias by the undersigned. Plaintiff argues that the undersigned has personal bias or prejudice against him. (*Id.*)

A magistrate judge must disqualify themselves if their "impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144, "[w]henever a party to any proceeding in a district court makes a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein. . . ."

Under both statutes, the objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (quotation marks and citation omitted); *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008).

Motions to disqualify a judge pursuant to 28 U.S.C. § 455 must be decided by the judge whose impartiality is being questioned. *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) (citing *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980)). Similarly, the determination of whether an affidavit filed under 28 U.S.C. § 144 is "sufficient" is also made by the challenged judge. *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978); *Grimes v. United States*, 396 F.2d 331, 333 (9th Cir. 1968). Accordingly, the undersigned will address Plaintiff's motion.

All of Plaintiff's allegations of bias or prejudice arise out of the undersigned's rulings in his prior action and the instant action. Plaintiff's disagreement with the Court's rulings is not a legitimate ground for seeking recusal or disqualification. "[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support recusal." *Johnson*, 610 F.3d at 1147 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Furthermore, "[a]dverse findings

do not equate to bias." *Johnson*, 610 F.3d at 1147.  Recusal "is required 'only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding.'" *Pau v. Yosemite Park & Curry Co.*, 928 F.2d 880, 885 (9th Cir. 1991) (quoting *Toth v. TransWorld Airlines*, 862 F.2d 1381, 1388 (9th Cir. 1988)).  There is no evidence, other than Plaintiff's beliefs and conclusory allegations, that the undersigned's orders were derived from any extrajudicial source beyond the papers and record in this matter. Plaintiff's affidavit and allegations of bias are legally insufficient to establish a reasonable question as to the undersigned's impartiality or that a bias or prejudice exists.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's November 7, 2025 objections to findings and recommendations, (ECF No. 9), are CONSTRUED as a motion to disqualify judge; and
2. Plaintiff's motion to disqualify judge, (ECF No. 9), is DENIED.

IT IS SO ORDERED.

Dated:   **November 10, 2025**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE

3