**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAUNTAE TAYLOR,<br><br>            Plaintiff,<br><br>      v.<br><br>BHAVSAR, *et al.*,<br><br>            Defendants. | No. 1:25-cv-01359 JLT BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(Docs. 2, 8)<br><br>**21-DAY DEADLINE** |

The assigned magistrate judge issued findings and recommendations that Plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the $405.00 filing fee in full to proceed with this action. (Doc. 8.) Plaintiff timely filed objections.[1]  (Doc. 9.)

Plaintiff argues that he is in imminent danger because he is at risk of future injury. (Doc. 9.) Plaintiff contends he is in imminent danger because he was durable medical equipment devices on a temporary rather than permanent basis and because he is still at the same facility, building, and housing cell-section with the defendants responsible for the injuries he suffered. Also, the Facility's Registered Nurses, though not named as defendants in this action, have made

---

[1] With his objections, Plaintiff filed a request to disqualify the assigned magistrate judge. (Doc. 9, pp. 13–15.) The filing was construed as a motion to disqualify judge and was addressed by separate order. (Doc. 10.)

1

Plaintiff aware that any refusals to attend treatments or appointments may result in his mobility devices being discontinued. (*Id.*)

Plaintiff's objections do not undermine the magistrate judge's reasoning. "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998). Plaintiff's allegations do not support a finding that Plaintiff is at risk of a non-speculative serious physical injury now or at the time the complaint was filed.

To the extent Plaintiff raises arguments regarding his efforts to exhaust his administrative remedies prior to filing the complaint, the issue of exhaustion is not relevant to the Court's finding that Plaintiff does not meet the imminent danger exception.

According to 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court concludes that the Magistrate Judge's findings and recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on October 22, 2025, (Doc. 9), are **ADOPTED IN FULL**.
2. Plaintiff's application to proceed *in forma pauperis*, (Doc. 2), is **DENIED**.
3. Within **21 days** following the date of service of this order, Plaintiff shall pay the $405.00 filing fee in full to proceed with this action. If Plaintiff fails to pay the filing fee within the specified time, this action will be dismissed without further notice.

IT IS SO ORDERED.

Dated: __November 14, 2025__                    /s/ Jennifer L. Thurston
                                                UNITED STATES DISTRICT JUDGE

2